STATE NATIONAL BANK *v.* FISHER.

4-2634

Opinion delivered July 11, 1932.

*Jas. D. Head,* for appellant.

BUTLER, J. The appellant filed a complaint in the Miller Chancery Court alleging that W. A. Coleman died June 9, 1931, leaving surviving him no widow, and leaving W. A. Coleman, Jr., a minor who is now about eight or nine years of age, his sole surviving heir at law.

In October, 1927, the said W. A. Coleman made a will, by the terms of which the appellant was appointed as executor and also appointed as guardian of the estate of W. A. Coleman, Jr. The will was duly probated on June 23, 1931, letters issued to appellant both as the executor of the estate and as guardian of the minor.

It made bond both as executor and guardian and is now acting as such.

All of the property of the decedent was devised in trust to the bank, and directions given to reduce personal property, except United States bonds, to cash, and to invest same in revenue-bearing investment. It was also directed to take charge of, improve, lease, sell and dispose of all real estate, and re-invest so much of the proceeds as is not required for the administration of said estate.

The executor was also requested to hold the estate intact, if possible, until W. A. Coleman, Jr., arrives at the age of twenty-one years; to pay the expenses and legacies out of the income, if sufficient, and, if not, to use the principal for that purpose. Provision was also made for decedent's mother, but she died before the testator.

The will gave to testator's sisters and brothers $1 each. It directed the appellant to superintend the manner of W. A. Coleman, Jr's., living, and see to his education, and deliver the remainder of the property to W. A. Coleman, Jr., when he arrived at twenty-one years of age. The will also provided for the executors to receive such fees as are allowed administrators and executors and a reasonable compensation as guardian for W. A. Coleman, Jr.

The plaintiff in the court below requested instructions and directions in many particulars. Mrs. N. R. Fisher, a sister of testator, was made defendant.

After hearing the evidence and considering the case, the chancery court decreed as follows:

"(a) The administration should be closed at the end of one year, the debts being paid;

"(b) There was created by the will, at the end of the statutory period, a trust with the State National Bank acting as trustee;

"(c) Said bank as executor should file its final settlement at the end of the statutory period, there being

no debts and then transfer to itself as trustee the remaining assets;

"(d) That such assets were vested by the will in the bank as trustee, with full authority to handle, administer, sell, dispose of, invest and reinvest funds from the sale of any of the property of the estate;

"(e) That under the will the bank is entitled, during the statutory period of administration, to those fees allowed to executors and administrators;

"(f) At the expiration of the statutory period for administration, the bank should receive reasonable compensation as trustee;

"(g) Upon final settlement by the bank (at the end of the statutory period of administration) the trustee should take over the remaining property and continue the trust under the provisions of the will;

"(h) There being no present necessity for advice to the bank, or for interpretation of the will as to whether it was intended to vest a present estate in W. A. Coleman, Jr., a minor, in the residue of property, the court declines to interpret it in this respect."

Section 97 of Crawford & Moses' Digest provides among other things that: "All demands not exhibited to the executor or administrator as required by this act before the end of one year from the granting of letters shall be forever barred."

This section of the Digest was amended by act 211 of the Acts of 1931, but there is no change in the paragraph above quoted.

Section 1 of Crawford & Moses' Digest, under administration, also provides that in certain cases no letters of administration shall be granted, or, if granted, the same shall be revoked.

It was the intention of the Legislature to close the administration within one year if there were no debts or claims against the estate. The court was therefore correct in holding that the administration should be closed at the end of one year, the debts being paid, and

also in holding that the will, at the end of the statutory period, created a trust with the State National Bank as trustee.

Paragraph 2 of the will conveys all of the testator's property in trust for the purposes thereafter named.

Having held that the administration should be closed at the end of one year, it necessarily follows that the executor should file its final settlement at that time, and, since it was, by the terms of the will, made trustee, it would be its duty at the end of the administration to take charge of the property as trustee.

Paragraph 4 of the will expressly provides that the executor shall take charge of, improve, rent, lease, sell, convey and dispose of any and all real estate, and, if it sell the same, it is authorized to convey title thereto and reinvest the proceeds in some good revenue-bearing investment.

Paragraph 3 of the will directs the executor to reduce all personal property to cash, except United States bonds and to invest the proceeds, not required for the purposes mentioned elsewhere in the will, in good revenue-bearing investment.

The court therefore correctly held that the assets were vested in the trustee, with full authority to handle, administer, sell, dispose, invest and reinvest funds from the sale of any of the property of the estate.

The will itself provides that the executor shall be allowed such fees as are allowed by law to administrators and executors for its services, together with reasonable compensation for acting as guardian.

If the will had made no provision for compensation to the executor, it would have been entitled to the statutory fees. There is no provision in the will naming the amount of fees that the trustee shall receive. The will directs the trustee in the matter of the management of the estate, and names numbers of things that it is to perform, and it was evidently the intention of the testator not only that it should have the management of

the estate, but that it should have a reasonable compensation for its services as trustee. The will fixed the fees that the executor should receive as such, but did not fix any fees for the bank as trustee, but it was manifestly the intention of the testator that the trustee should perform the duties indicated in the will, and that it should be paid a reasonable compensation. This compensation should be presented to and allowed by the probate court.

In the case of *James* v. *Echols,* 183 Ark. 826, 39 S. W. (2d) 290, it was said: "In this connection it may be stated that when the trustee accepts the trust, and qualifies and enters upon the discharge of his duties as such trustee, he accepts the trust upon the conditions named in it, and is entitled to no other or greater compensation than the will allows."

Therefore if the testator had fixed the fees for the trustee, it could not accept the trust and receive any other or greater compensation than that named in the will; but, since the will pointed out the duties of the trustee, and did not undertake to fix the compensation, it would be entitled, as the lower court held, to reasonable compensation.

The decree of the chancery court is correct, and is therefore affirmed.